IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES A., JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:17-cv-2574-L-BT |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of the | § | |
| Social Security Administration, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff filed a civil action seeking judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). The district court referred the case to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. For the reasons explained below, the court should REVERSE the Commissioner's decision and REMAND this case for further administrative proceedings consistent with these findings, conclusions, and recommendation.

**Background**

Plaintiff alleges he is disabled due to a variety of ailments, including Type II diabetes; peripheral neuropathy of hands, legs, and feet; herniated discs in his lower back; a neck injury; and high blood pressure. Administrative Record ("A.R.") 135 (ECF No. 14-1). After his application for disability insurance benefits was

1

denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing, which took place on November 16, 2015, resulted in a decision denying disability benefits. *Id.* 80-92. At the time of the ALJ's decision, Plaintiff was 52 years old. *Id.* 102. He has less than a high school education and past work experience as a pump mechanic, an automobile mechanic, and a farm equipment mechanic. *Id.* 102, 111-14.

At step one of the five-step sequential evaluation,[1] the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date through his last date insured. *Id.* 85. At steps two and three, the ALJ found that Plaintiff's degenerative disc disease of the lumbar spine, history of cervical spine fusion in 2009, metatarpal narrowing in the first digit of his right foot, and diabetes mellitus with neuropathy were severe impairments, but that he did not have an impairment or combination of impairments that met or equaled the severity of any impairment listed in the social security regulations. *Id.* 86. The

---

[1] "In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

ALJ further found Plaintiff had the residual functional capacity ("RFC") for less than the full range of light work. *Id.* 86. At step four, the ALJ determined that Plaintiff could not perform his past work. *Id.* 90. At step five, relying on the testimony of a vocational expert, the ALJ found that Plaintiff can work as a small products assembler, a bench assembler, a machine tender, a folder, an information clerk, and a recreation aide—jobs that exist in significant numbers in the national economy. *Id.* 91.

Plaintiff appealed the ALJ's decision to the Appeals Council. However, the Council denied Plaintiff's request for review. *Id.* 1. The ALJ's decision thus qualifies as the Commissioner's final decision. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) (stating that the Commissioner's final decision "includes the Appeals Council's denial of [a claimant's] request for review"). Plaintiff then filed this action in federal district court in which he argues the Appeals Council failed to properly consider new evidence from his treating physician.

## Legal Standards

Judicial review in social security appeals "'is limited to two inquiries: (1) whether the ALJ's decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)); *see also Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted); *see also Copeland*, 771 F.3d at 923 ("Substantial evidence is 'more than a mere scintilla and less than a preponderance.'") (quoting *Perez*, 415 F.3d at 461). The Commissioner, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citing *Cook v. Heckler*, 750 F.2d 391, 392-93 (5th Cir. 1985)); *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983) (per curiam)). Accordingly, the Court may not substitute its own judgment for the Commissioner's, and it may affirm only on the grounds the Commissioner stated to support his decision. *Copeland*, 771 F.3d at 923 (citing *Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002) (per curiam)).

## Analysis

In a single ground for relief, Plaintiff argues the Appeals Council failed to properly consider new opinion evidence from his treating physician, Dr. Daria Greer. The ALJ issued his written decision on May 13, 2016, finding that Plaintiff "was not under a disability, . . . at any time from April 21, 2010, the alleged onset date, through December 31, 2015, the date last insured." A.R. 92. On August 24, 2016, Dr. Greer completed an RFC Questionnaire opining on the extent of Plaintiff's limitations. *Id.* 79. According to Dr. Greer, Plaintiff can sit, stand, and walk for only two hours of an eight-hour workday, can only occasionally reach in all directions and occasionally handle objects, and should avoid fine manipulation. *Id.* 77-78. Dr. Greer opined that Plaintiff requires flexibility to alternate sitting and

4

standing and periodically needs to leave his immediate work area to relieve his pain; he frequently needs unscheduled rest breaks during the day; and, he would probably miss work four or more days a month. *Id.* 78-79. She concluded her assessment with the statement that Plaintiff "has multi-joint degenerative osteoarthritis which is disabling, as he is a mechanic and cannot hold tools or lift." *Id.* Dr. Greer's opinions thus contradict the ALJ's finding that Plaintiff can perform a limited range of light work. Plaintiff submitted the RFC Questionnaire to the Appeals Council on January 30, 3017. In denying Plaintiff's request for review, the Appeals Council stated "[t]his additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before December 31, 2015." *Id.* 2. The Appeals Council advised Plaintiff that "[i]f you want us to consider whether you were disabled after December 31, 2015, you need to apply again." *Id.* Plaintiff contends the Appeals Council erred in failing to consider Dr. Greer's opinions or reconcile those opinions with the ALJ's decision. Plaintiff further argues that the new evidence dilutes the record to such an extent that remand is required.

When a claimant submits new and material evidence that relates to the period before the date of the ALJ's decision, the Appeals Council must consider the evidence in deciding whether to grant a request for review. 20 C.F.R. § 404.970(b). Newly submitted evidence is material only if (1) it relates to the period for which the disability benefits were denied; and (2) there is a reasonable possibility that it would have changed the outcome of the disability determination. *Latham v.*

*Shalala*, 36 F.3d 482, 483 (5th Cir. 1994); *see also King v. Colvin*, 2013 WL 6162965, at *3 (N.D. Tex. Nov. 22, 2013) (observing that while numerous cases erroneously use the term "reasonable probability," the materiality standard is one of reasonable "possibility" rather than "probability"). Only evidence which relates to the period for which benefits were denied can be material. *Thomas v. Colvin*, 587 F. App'x 162, 165 (5th Cir. 2014) (per curiam). Evidence of a later-acquired disability or of the subsequent deterioration of a previously nondisabling condition is not material. *Id.*

New evidence submitted to the Appeals Council is considered part of the record upon which the Commissioner's final decision is based. *Higginbotham*, 405 F.3d at 337. The district court must examine all the evidence, including the new evidence, to determine whether the Commissioner's final decision to deny a claim is supported by substantial evidence. *Sun v. Colvin*, 793 F.3d 502, 510 (5th Cir. 2015). The court should remand the case only if the new evidence dilutes the record to such an extent that the ALJ's decision becomes unsupported. *Higginbotham v. Barnhart*, 163 F. App'x 279, 281-82 (5th Cir. 2006).

The Commissioner disputes that remand is required and argues Dr. Greer's opinion was not material because it post-dates the ALJ's decision and the relevant period for Plaintiff's disability claim. However, the date Dr. Greer completed the RFC Questionnaire is not determinative, by itself, of materiality. The phrase "relates to," as used in the Social Security regulations, is purposefully broad and not restricted merely to records or reports dated on or before the ALJ's decision.

*See Johnson v. Berryhill*, 2017 WL 2964882, at *6 (N.D. Tex. June 26, 2017), *rec. adopted*, 2017 WL 2954914 (N.D. Tex. July 11, 2017). Based on a careful review of the RFC Questionnaire, in view of the record as a whole, it appears that Dr. Greer's opinions relate to the period between April 21, 2010, Plaintiff's alleged onset date, and December 31, 2015, his date last insured. First, the record shows that Dr. Greer has a significant longitudinal relationship with Plaintiff, having treated him for diabetes mellitus, peripheral neuropathy, and back pain since early 2010. *See* A.R. 380, 382, 385, 484, 486, 488, 511, 514. Dr. Greer's opinions also pertain to the same impairments that Plaintiff claimed were disabling prior to the ALJ's decision. There is no indication in the record that Dr. Greer's opinions are the result of any sudden change in Plaintiff's condition or that an intervening event worsened his condition. Courts may reasonably infer that a medical report relates to the proper period when "there is no indication that plaintiff's condition deteriorated during the intervening period." *Johnson*, 2017 WL 2964882, at *7 (quoting *Bailey v. Astrue*, 2010 WL 452122, at *4 (W.D. La. Feb. 8, 2010)). Thus, Dr. Greer's opinions are material because they relate to the period for which disability benefits were denied.

Dr. Greer's answers to the Questionnaire are significant because they represent the opinion of a treating physician that details Plaintiff's work-related abilities. *See Castillo v. Barnhart*, 325 F.3d 550, 551-52. Dr. Greer's opinions also directly conflict with the ALJ's RFC assessment that Plaintiff can perform a limited range of light work. Given the significance of these opinions on matters directly

7

related to the ALJ's denial of benefits, the evidence provides a reasonable possibility that it would have changed the Commissioner's decision.

There have been no findings regarding Dr. Greer's opinions and no attempts to reconcile her answers on the RFC Questionnaire with the ALJ's disability determination. The Court may not evaluate Dr. Greer's assessment, or determine the weight her opinions should be afforded, in the first instance. Those matters lie exclusively with the Commissioner. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) ("[T]he reviewing court . . . must judge the propriety of [administrative] action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis."). Therefore, remand of this case is warranted for proper consideration of Dr. Greer's RFC Questionnaire. *See Jacquelyn C. v. Berryhill*, 2018 WL 3966355, at *4-*5 (N.D. Tex. July 27, 2018), *rec. adopted*, 2018 WL 3962842 (N.D. Tex. Aug. 17, 2018); (finding that new medical opinion evidence presented to the Appeals Council was inconsistent with the ALJ's findings to the degree that it undermined the ultimate disability determination, and remand was required so that the Appeals Council could fully evaluate the treating source statement as required by law); *Nejmeh v. Colvin*, 2016 WL 642518, at *3 (N.D. Tex. Feb. 18, 2016) (same); *Schaff v. Colvin*, 2014 WL 1462153, at *3-4 (N.D. Tex. Apr. 15, 2014) (same); *Brown v. Astrue*, 2010 WL 3895509, at *5-6 (N.D. Tex. Sept. 13, 2010), *rec.*

8

*adopted*, 2010 WL 3895507 (same); *Lee v. Astrue*, 2010 WL 3001904, at *8-9 (N.D. Tex. July 31, 2010) (same).

## Recommendation

The court should REVERSE the Commissioner's decision and REMAND this case for further administrative proceedings consistent with these Findings, Conclusions, and Recommendation.

Signed February 22, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).